LAW OFFICES OF JOSHUA B. KONS, LLC
Joshua B. Kons (SBN. 244977)
50 Albany Turnpike, Suite 4024
Canton, CT 06019
Tel:(860) 920-5181
Fax: (860) 920-5174

SALAS WANG, LLC
Jeffrey M. Salas
155 N. Wacker Drive, Suite 4250
Chicago, IL 60606
Tel: (312) 803-4963
Fax: (312) 244-3151

*Attorneys for Plaintiff and for the Proposed Class*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LADREEYA TAYLOR on behalf of herself and individuals similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>ALLIANT CAPITAL MANAGEMENT, LLC,<br><br>Defendant. | CIVIL CASE NO.:<br><br>**CLASS ACTION COMPLAINT FOR:**<br><br>(1) VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT (15 U.S.C. § 1692, ET SEQ.);<br>(2) VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT (CAL. CIV. CODE § 1788 ET SEQ.);<br><br>**DEMAND FOR TRIAL BY JURY** |

**CLASS ACTION COMPLAINT**

1. LaDreeya Taylor ("Plaintiff") brings this Class Action Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the false, deceptive, and unfair debt-collection practices of Alliant Capital Management, LLC, in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., ("FDCPA") and the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. § 1788 et seq., ("RFDCPA"). Upon

information and belief, Plaintiff alleges as follows upon personal knowledge as to her own acts and experiences as to all other matters, including investigation conducted by her attorneys.

## JURISDICTION AND VENUE

2. The Court possesses federal question subject matter jurisdiction over the FDCPA claims pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k. The Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367(a).

3. Venue is proper in this district under 28 U.S.C. § 1391 because Defendant continuously conducts business in this district.

## PARTIES

4. Plaintiff is, and at all times mentioned herein was, a natural person residing in North Hollywood, California. She is, and at all times mentioned herein, a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a(3), and is a "debtor" as defined by the RFDCPA, Cal. Civ. § 1788.2(h).

5. Plaintiff is informed and believes, and thereon alleges, that Defendant is, and at all times mentioned herein are a "debt collector," as defined by the FDCPA, 15 U.S.C. § 1692a(6) and the RFDCPA, Cal. Civ. § 1788.2(c).

6. Plaintiff alleges that at all times relevant herein Defendant conducted business in the state of California and within this judicial district.

7. Alliant Capital is a collection agency headquartered in Amherst, New York.

8. Within the last year, Defendant and its agents attempted to collect a consumer debt from Plaintiff Taylor.

CLASS ACTION COMPLAINT AND DEMAND FOR TRIAL BY JURY
- 2 -

9. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

10. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

11. During the course of its attempts to collect debts allegedly owed to third parties, Defendant made telephone collection calls to the Plaintiff and Class members.

12. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

13. In or about April 2009, the Plaintiff opened a Citibank N.A. credit card account ending in 8516 (the "Citibank Account"). The Citibank account was used to incur financial obligations that were primarily for personal, family or household purposes. Sometime in 2013, the Citibank Account became delinquent.

14. Sometime thereafter, the Citibank Account was sold to Oliphant Financial Corporation, and was placed with the Defendant for collection.

15. On April 9, 2015, Defendant (either alone or at the direction of one of its agents) placed a telephone call to the Plaintiff at her then current telephone number to attempt to collect the Citibank Account from Plaintiff.

16. On April 9, 2015, at approximately 9:56am PDT, the Plaintiff received the following voicemail message from the Defendant or one of its agents:

> "Hello, this message is for LaDreeya M. Taylor. This is Elizabeth Hubble, I do apologize I dropped the call there was something wrong with my phone. I was just trying to give you a quick call today to go over scheduling delivery of some legally required documents with you. Just wanted to give you a courtesy call – do have you scheduled for Monday,

April 13th, delivery is supposed to be made to your home or place of employment before 5:00pm, so if you do happen to have any questions, concerns, or you're not going to be available and just need to discuss scheduling, please contact the sender directly, now the number that we have for them is 855-546-9088. Now again unless we hear differently, delivery will be scheduled for Monday. We do ask that you make yourself available with identification for delivery purpose. Ms. Taylor you have been notified, thank you, have a great day."

17. When the Plaintiff returned the call, she was connected to an agent of the Defendant that told her that the Defendant was suing her, but that they would be willing to accept a settlement.

18. Defendant's voicemail message failed to notify Plaintiff that the communications were from a debt collector.

19. Defendant's voicemail message failed to notify Plaintiff of the nature of Defendant's business.

20. Defendant's voicemail message failed to notify Plaintiff that the purpose of the calls was to collect a debt.

21. Defendant's voicemail message failed to notify Plaintiff that any information it obtained would be used for the purpose of collecting a debt.

22. Upon information and good faith belief, Defendant, as a matter of pattern and practice, leaves, or causes to be left, voice messages with and/or for alleged consumer debtors, that fail to meaningfully disclose the caller's identity.

23. Upon information and good faith belief, Defendant, as a matter of pattern and practice, leaves, or causes to be left, voice messages with and/or for alleged consumer debtors, that fail to state the nature of its business.

24. Upon information and good faith belief, Defendant, as a matter of pattern and practice, leaves, or causes to be left, voice messages with and/or for alleged consumer debtors, that fail to disclose that it is a debt collector.

25. Upon information and good faith belief, Defendant, as a matter of pattern and practice, leaves, or causes to be left, voice messages with and/or for alleged consumer debtors, that fail to disclose that the purpose of the respective calls was to collect a debt.

26. Upon information and good faith belief, Defendant, as a matter of pattern and practice, leaves, or causes to be left, voice messages with and/or for alleged consumer debtors, that fail to disclose that any information it obtains would be used for the purpose of collecting a debt.

## CLASS ACTION ALLEGATIONS

27. Plaintiff bring this action as a class action pursuant to Federal Rule of Civil Procedure 23 on behalf of a Class consisting of:

> All persons (1) located in California, (2) for whom Defendant left, or caused to be left, a voice message, (3) in connection with collection of a consumer debt, (4) within the year preceding this complaint, (5) that failed to state the nature of its business, and/or failed to disclose that it was a debt collector, and/or failed disclose that the purpose of its calls was to collect a debt and/or failed to disclose that any information it obtains would be used for the purpose of collecting a debt.

Excluded from the Class is Defendant, its officers and directors, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendant has or had a controlling interest.

28. The proposed Class is so numerous that joinder of all members is impracticable. The exact number of class members is unknown to Plaintiff at this time and can only be ascertained through appropriate discovery. The proposed class is ascertainable in that, upon

information and belief, the names and addresses of all members of the Class can be identified in business records maintained by Defendant.

29. Plaintiff's claims are typical of the claims of the members of the Class because Plaintiff and all claims of the members of the Class originate from the same conduct, practice and procedure on the part of Defendant and Plaintiff has suffered the same injuries as each member of the Class. Plaintiff has retained counsel experienced and competent in class action litigation.

30. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, as the damages suffered by individual members of the Class may be relatively small, the expense and burden of individual litigation make it extremely difficult for the members of the Class to individually redress the wrongs done to them. There will be no difficulty in the management of this action as a class action.

31. Issues of law and fact common to the members of the Class predominate over any questions that may affect only individual members, in that Defendant has acted on grounds generally applicable to the entire Class. Among the issues of law and fact common to the Class are:

    a. Defendant's violations of the FDCPA and RFDCPA as alleged herein;

    b. Whether Defendant has a practice and policy of failing to identify itself as a debt collector when calling to collect a debt in its voicemail messages for consumers;

    c. Whether Defendant employed a standardized script to make in outbound calls to consumers wherein Defendant failed to identify itself as a debt collector;

    d.      Whether Defendant employed a standardized script to make in outbound calls to consumers wherein Defendant failed disclose that the call was an attempt to collect a debt;

    e.      The existence of Defendant's identical conduct particular to the matters at issue;

    f.      The availability of statutory penalties; and

    g.      The availability of attorneys' fees and costs.

## FIRST CAUSE OF ACTION

**VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT (15 U.S.C. § 1692d(6) *ET SEQ.*)**

32.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

33.    Defendant violated §1692d(6)of the FDCPA by placing telephone calls to Plaintiff without meaningfully disclosing the caller's identity.

35.    As a result of Defendant's violations of 15 U.S.C. § 1692, Plaintiff and the Class have suffered actual damages and other harm, thereby entitling them to seek statutory damages in the amount of $1,000.00 each, in addition to reasonably incurred attorney's fees and cost. 15 U.S.C. § 1692k(a)(1)-(3).

35.    Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## SECOND CAUSE OF ACTION

**VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT §1692e(11)**

36.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

37. Defendant violated 15 U.S.C. § 1692e(11) by failing to notify Plaintiff during each collection contact that the communication was from a debt collector calling to collect a debt, and that any information obtained would be used for that purpose

38. As a result of Defendant's violations of 15 U.S.C. § 1692, Plaintiff and the Class have suffered actual damages and other harm, thereby entitling them to seek statutory damages in the amount of $1,000.00 each, in addition to reasonably incurred attorney's fees and cost.  15 U.S.C. § 1692k(a)(1)-(3).

39. Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

### THIRD CAUSE OF ACTION

**VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT (CAL. CIV. CODE § 1788.17)**

40. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

41. Pursuant to §1788.17 of the RFDCPA, "[n]otwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Sections 1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code. However, subsection (11) of Section 1692e and Section 1692g shall not apply to any person specified in paragraphs (A) and (B) of subsection (6) of Section 1692a of Title 15 of the United States Code or that person's principal. The references to federal codes in this section refer to those codes as they read January 1, 2001." Cal. Civ. Code §1788.17.

42. Therefore, by violating/violations of Sections e, (d)(6) and (e)(11) of the FDCPA, Defendant violated the RFDCPA.

43. As a result of Defendant's conduct, Plaintiff and the Class have suffered actual damages and other harm, thereby entitling them to seek statutory damages, actual damages and reasonably incurred attorney's fees and costs. Cal. Civ. Code §1788.30.

44. Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court GRANT Plaintiff and the Class members the following relief against Defendant:

A. That this action be certified as a class action on behalf of the Class and Plaintiff be appointed as the representatives of the Class;

B. An award of actual damages, in an amount to be determined at trial, pursuant to Cal. Civ. Code § 1788.30(a), for each plaintiff and putative class member;

C. An award of actual damages, in an amount to be determined at trial, pursuant to 15 U.S.C. § 1692k(a)(1), against the Defendant;

D. An award of statutory damages of $1,000.00, pursuant to Cal. Civ. Code § 1788.30(b), for each plaintiff and putative class member;

E. An award of statutory damages of $1,000.00, pursuant to 15 U.S.C. § 1692k(a)(2)(A), against the Defendant;

F. An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c);

G.     An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3), against the Defendant;

H.     Order for preliminary and permanent injunctive relief prohibiting Defendant from continuing to from continuing to violate the FDCPA and RFDCPA in the same manner as alleged herein; and

I.     Any and all other relief that this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all claims so triable.

RESPECTFULLY SUBMITTED,

Dated: January 22, 2016     By: /s/ Joshua B. Kons

LAW OFFICES OF JOSHUA B. KONS, LLC
Joshua B. Kons
50 Albany Turnpike, Suite 4024
Canton, CT 06019
Tel: 860.920.5181
Fax: 860.920.5174
joshuakons@konslaw.com

SALAS WANG LLC
Jeffrey M. Salas
John C. Wang
(*pro hac vice* application to be filed)
155 N. Wacker Drive, Suite 4250
Chicago, IL 60606
Tel: 312.803.4963
Fax: 312.244.3151
jwang@salaswang.com

*Attorneys for Plaintiff Taylor and the Proposed Class*

CLASS ACTION COMPLAINT AND DEMAND FOR TRIAL BY JURY
- 10 -